On Application for Rehearing

PER CURIAM.
On rehearing, Clay C. Slagle moves this Court to “disqualify” Robert *139 Bernard Harwood, Jr., from sitting as a Special Justice on this case on the ground, among others, that he is currently engaged in the private practice of law. Slagle bases this argument solely on the text of Art. VI, § 147(a), Ala. Const. 1901 (Off. Re-comp.),[1] which provides: “No judge of any court of this state shall, during his continuance in office, engage in the practice of law or receive any remuneration for his judicial service except the salary and allowances authorized by law.” (Emphasis added.) In effect, Slagle is contending that, notwithstanding the provision in § 12-2-14, Ala.Code 1975, for the appointment of “member[s] of the bar” to sit as Special Justices in certain circumstances, the Constitution prevents such an appointee from engaging in the private practice of law. We reject Slagle’s contention.
In Johnson v. Board of Control of the Employees’ Retirement System of Alabama, 740 So.2d 999, 1011-12 (Ala.1999), this Court observed:
“Under the provisions of the Judicial Article, constraints are placed upon a judge’s activities only ‘during his continuance in office.’ § 6.08(a). In 1980, this Court adopted a ‘Commentary to the Canons of Judicial Ethics to make it clear that retired judges do not ‘continue in office’ under § 6.08. The Commentary reads:
“ ‘Retired and supernumerary justices or judges are not continuing in office under § 6.08 of Amendment 328, Constitution of Alabama of 1901.’ ”
740 So.2d at 1011-12 (emphasis added).
The Johnson Court quoted from the Commentary to the section of Alabama’s Canons of Judicial Ethics concerning “Compliance with the Canons of Judicial Ethics.” Special Justice Harwood is a retired Associate Justice. The Commentary makes it clear that Special Justice Har-wood is not “continuing in office” for purposes of Art. VI, § 147(a); thus, the prohibition in § 147 on engaging in the practice of law does not apply to him.
Section D of the “Compliance” portion of Alabama’s Canons of Judicial Ethics, pertaining to “Retired and Supernumerary Judges,” reinforces the notion that practicing law is not an impediment to a retired judge or Justice serving as a Special Justice. In part, that section provides:
“(2) Retired and supernumerary justices or judges, who are serving part time on the Supreme Court or on either of the courts of appeals or on any circuit court or district court in the state, in an active duty status, shall be required to comply with all of these Canons, except Canon 5C(3), D, E, F, G and Canon 6C.
“(3) Retired and supernumerary justices and judges, who are serving full time at the request of the chief justice, on the Supreme Court or on either of the courts of appeals or on any circuit court or district court in the state, in an active duty status, shall be required to comply with all of these Canons.”
Canon 5F of the Canons of Judicial Ethics, from which retired or former Justices or judges serving part-time are exempted, states that “[a] judge should not practice law.” Thus, section D(2) of the “Compliance” portion of the Canons clearly provides that a retired judge or Justice who serves part-time on the Supreme Court is not required to comply with the prohibition on practicing law imposed on a full-time judge or Justice. In contrast, a retired judge who is serving on a full-time *140 basis on the Supreme Court must comply with all the Canons, including the prohibition in Canon 5F concerning the practice of law. Special’Justice Harwood was appointed to serve as a Justice in this case and not on a full-time basis; consequently, he is not expected to refrain from the private practice of law.
Based on the foregoing, we conclude that the fact that Special Justice Harwood is engaged in the private practice of law does not disqualify him from sitting as a Special Justice in this case. Slagle’s motion is denied.
MOTION DENIED; APPLICATION OVERRULED.
MOORE, C.J., and STUART, PARKER, and MURDOCK, JJ., and HARWOOD, Special Justice,* concur.
BOLIN, SHAW, MAIN, and BRYAN, JJ., concur in part and dissent in part.
WISE, J., recuses herself.